**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ALLERGAN, INC. and SAINT REGIS MOHAWK TRIBE,<br><br>Plaintiffs,<br><br>v.<br><br>AMNEAL PHARMACEUTICALS LLC and AMNEAL PHARMACEUTICALS CO. INDIA PRIVATE LIMITED,<br><br>Defendants. | Civil Action No. _________<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Allergan, Inc. ("Allergan") and Saint Regis Mohawk Tribe ("the Tribe" and, collectively, "Plaintiffs") for their Complaint against Defendants Amneal Pharmaceuticals, LLC and Amneal Pharmaceuticals Co. India Private Limited (together, "Amneal" or "Defendants"), by their attorneys, allege as follows:

**The Nature of the Action**

1. This is an action for infringement of United States Patent Nos. 8,633,162 ("the '162 Patent") and 8,642,556 ("the '556 Patent") (collectively, "the Patents-in-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, relating to Allergan's treatment for chronic dry eye, Restasis®.

2. This is also an action under 35 U.S.C. §§ 2201-02 for a declaratory judgment of infringement of the '556 Patent under 35 U.S.C. § 271 (a), (b), and (c), and for a declaratory judgment of infringement of the '162 Patent under 35 U.S.C. § 271 (b) and (c).

**The Parties**

3. Allergan is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 5 Giralda Farms, Madison, New Jersey 07940. Allergan is a global, research-driven pharmaceutical company that discovers, develops, manufactures, and markets a broad range of innovative products to improve human health, including RESTASIS® (Cyclosporine Ophthalmic Emulsion, 0.05%).

4. The Tribe is a federally recognized, sovereign American Indian Tribe located in upstate New York.

5. On information and belief, Defendant Amneal Pharmaceuticals, LLC ("Amneal Pharma") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 400 Crossing Boulevard, Bridgewater, NJ 08807-2863.

6. On information and belief, Defendant Amneal Pharmaceuticals Co. India Private Limited ("Amneal Limited") is a corporation organized and existing under the laws of India, having a principal place of business at 882/1-871, Village Rajorda, Near Hotel Kankavati, Bavla Taluka, Ahmedabad- 382220, Gujarat, India.

7. On information and belief, Amneal Limited is a wholly-owned subsidiary of Amneal Pharma.

8. On information and belief, Amneal Pharma and Amneal Limited are in the business of formulating, developing, manufacturing, marketing, and/or selling generic pharmaceutical products that are distributed in and sold throughout the United States, including in this judicial district.

9. On information and belief, Amneal Limited is the agent of Amneal Pharma, and it acts in concert with Amneal Pharma to manufacture, market, distribute, and sell Amneal's generic pharmaceutical products within the United States, including in this judicial district.

10. On information and belief, Amneal Limited and Amneal Pharma are acting cooperatively with respect to Abbreviated New Drug Application ("ANDA") No. 211909.

**Venue and Jurisdiction**

11. This action arises under the patent laws of the United States of America, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338.

12. On information and belief, Amneal submitted ANDA No. 211909 under section 505(j) of the FDCA, 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, use, importation, sale, or offer for sale of Cyclosporine Ophthalmic Emulsion, 0.05%, a generic version of Allergan's RESTASIS® product.

13. On information and belief, Amneal is in the business of researching, developing, seeking regulatory approval for, commercializing, producing, and manufacturing generic drug products.

14. On information and belief, Amneal knows and intends that its proposed Cyclosporine Ophthalmic Emulsion, 0.05% described in ANDA No. 211909 will be distributed and sold nationwide, including in this District.

15. On information and belief, Amneal knows and intends that sales of its proposed Cyclosporine Ophthalmic Emulsion, 0.05% described in ANDA No. 211909 will displace sales of Allergan's RESTASIS® product causing injury to Plaintiffs nationwide and in this District.

16. This Court has personal jurisdiction over Amneal Pharma because Amneal Pharma is incorporated in the State of Delaware and is, thus, a resident of the State. Even if Amneal Pharma was not a resident of the State of Delaware, this Court would have personal jurisdiction over Amneal Pharma under Federal Rule of Civil Procedure 4(k)(1)(A) and 10 Del. C. § 3104 because Amneal has submitted ANDA No. 211909 with the intention of marketing and selling its generic version in the United States, including in this District. *See Acorda Therapeutics Inc. v. Mylan Pharms. Inc.*, 817 F.3d 755 (Fed. Cir. 2016). Upon information and belief, Amneal Pharma is amenable to litigating in this forum based on Amneal Pharma's recent conduct in another litigation in this District. In Civil Action No. 1:18-cv-00175 (LPS) (D.I. 16), Amneal Pharma withdrew or waived its objections, and/or right to object, to personal jurisdiction in this District.

17. This Court may exercise personal jurisdiction over Amneal Limited pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) Plaintiffs' claims arise under federal law; (b) Amneal Limited is a foreign company not subject to personal jurisdiction in the courts in any state; and (c) Amneal Limited has sufficient contacts with the United States as a whole, including but not limited to marketing and/or selling pharmaceutical products that are distributed and sold throughout the United States, such that this Court's exercise of jurisdiction over Amneal Limited satisfies due process. Upon information and belief, Amneal Limited is amenable to litigating in this forum based on Amneal Limited's recent conduct in another litigation in this District. In Civil Action No. 1:18-cv-00175 (LPS) (D.I. 27, 32), Amneal Limited withdrew or waived its objections, and/or right to object, to personal jurisdiction in this District.

18. Venue is proper in this Court under 28 U.S.C. § 1400(b). Amneal Pharma is incorporated in Delaware, and thus it resides in this District. *TC Heartland LLC v. Kraft Foods*

*Group Brands LLC*, 137 S. Ct. 1514 (2017); *In re Cray*, 871 F.3d 1355 (Fed. Cir. 2017). Plaintiffs note that while prior cases regarding the Patents-in-Suit have been brought against other generic manufacturers in the Eastern District of Texas, Plaintiffs do not presently have sufficient information to form a belief as to whether venue would lie in that jurisdiction over Amneal Pharma. Upon information and belief, Amneal Pharma is amenable to litigating in this forum based on Amneal's recent conduct in another litigation in this District. In Civil Action No. 1:18-cv-00175 (LPS) (D.I. 16), Amneal withdrew or waived its objections, and/or right to object, to venue in this District.

19. Venue is proper with respect to Amneal Limited pursuant to 28 U.S.C. § 1391(c)(3) because it is not a resident in the United States.

20. Joinder of the Defendants in this action is proper because Plaintiffs' right to relief is asserted against all parties jointly and arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and questions of fact common to both Defendants will arise in the action.

## Factual Background

### A. Patents-In-Suit

#### 1. U.S. Patent No. 8,633,162

21. On January 21, 2014, the '162 Patent, titled "Methods of Providing Therapeutic Effects Using Cyclosporin Components," was duly and legally issued by the USPTO to inventors Andrew Acheampong, Diane D. Tang-Liu, James N. Chang, and David F. Power. A true and correct copy of the '162 Patent is attached to this complaint as Exhibit 1.

22. The Tribe, as assignee, owns the entire right, title, and interest in the '162 Patent.

23. Allergan holds an exclusive field-of-use license to the ’162 Patent with respect to commercializing RESTASIS®.

24. Allergan is the holder of approved New Drug Application (“NDA”) No. 50-790 for Cyclosporine Ophthalmic Emulsion, 0.05%, sold under the RESTASIS® trademark.

25. The ’162 Patent is listed in the Orange Book for RESTASIS®.

26. RESTASIS® and/or methods of using RESTASIS® are covered by at least one claim of the ’162 Patent.

**2. U.S. Patent No. 8,642,556**

27. On February 4, 2014, the ’556 Patent, titled “Methods of Providing Therapeutic Effects Using Cyclosporin Components,” was duly and legally issued by the USPTO to inventors Andrew Acheampong, Diane D. Tang-Liu, James N. Chang, and David F. Power. A true and correct copy of the ’556 Patent is attached to this complaint as Exhibit 2.

28. The Tribe, as assignee, owns the entire right, title, and interest in the ’556 Patent.

29. Allergan holds an exclusive field-of-use license to the ’556 Patent with respect to commercializing RESTASIS®.

30. Allergan is the holder of approved New Drug Application (“NDA”) No. 50-790 for Cyclosporine Ophthalmic Emulsion, 0.05%, sold under the RESTASIS® trademark.

31. The ’556 Patent is listed in the Orange Book for RESTASIS®.

32. RESTASIS® and/or methods of using RESTASIS® are covered by at least one claim of the ’556 Patent.

**B. Prior Litigation regarding patents related to the Patents-in-Suit**

33. Allergan, Inc.[1] previously asserted in the Eastern District of Texas (the "Texas Actions") the two Patents-in-Suit along with four additional patents that cover RESTASIS®—U.S. Patent Nos. 8,629,111 ("the '111 Patent"), 8,648,048 ("the '048 Patent"), 8,685,930 ("the '930 Patent"), and 9,248,191 ("the '191 Patent). The Texas Actions stemmed from seven separate generic defendants' ("Texas Defendants") submissions of Abbreviated New Drug Applications (ANDAs) under section 505(j) of the FDCA, seeking FDA approval to engage in the commercial manufacture, use, importation, sale, or offer for sale of Cyclosporine Ophthalmic Emulsion, 0.05%, the defendants' generic copies of Allergan's RESTASIS® product. *See Allergan, Inc. v. Teva Pharm. et al.*, C.A. No. 2:15-cv-1455-WCB, Dkt. 522 (E.D. Tex. Oct. 17, 2017).

34. In the Texas Actions, Allergan narrowed its set of asserted claims against the Texas Defendants to certain claims from the '111, '048, '930, and '191 patents. Allergan elected not to take any claims of the Patents-in-Suit in this case to trial against the Texas Defendants.

35. The District Court for the Eastern District of Texas found that the filing of the Texas Defendants' ANDAs constituted contributory infringement and induced infringement of the asserted claims of the '111, '048, '930, and '191 patents. The District Court further found that the asserted claims of the '111, '048, '930, and '191 patents were not invalid as anticipated, and that those claims met the requirements of 35 U.S.C. § 112, but also found that the asserted claims of the '111, '048, '930, and '191 patents were invalid as obvious. *See Allergan, Inc. v. Teva Pharm. et al.*, C.A. No. 2:15-cv-1455-WCB, Dkt. 522 (E.D. Tex. Oct. 17, 2017).

[1] Allergan, Inc. assigned the Patents-in-Suit to the Tribe in September 2017. The Tribe was added as a co-plaintiff to the Texas Actions in October 2017.

36. Plaintiffs appealed the district court's judgment, and that appeal is pending before the Federal Circuit. *See Allergan, Inc. v. Teva Pharm. et al.*, No. 2018-1130, Dkt. 42 (Fed. Cir. Jan. 9, 2018). Plaintiffs have not brought suit on the '111, '048, '930, and '191 patents here, but reserve the right to amend or request that those patents be added to the case depending on the outcome of the appeal of the district court's judgment to the Federal Circuit.

**C. Acts Giving Rise to This Action**

37. On information and belief, Amneal submitted ANDA No. 211909 to the FDA under section 505(j) of the FDCA, seeking FDA approval to engage in the commercial manufacture, use, importation, sale, or offer for sale of Cyclosporine Ophthalmic Emulsion, 0.05%, a generic version of Allergan's RESTASIS® product.

38. On information and belief, pursuant to § 505(j)(2)(A)(vii)(IV) of the FDCA, Amneal included with its ANDA No. 211909 a Paragraph IV certification alleging that the claims of patents listed in the Orange Book as covering RESTASIS® are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of Amneal's Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909. Plaintiffs received written notification of ANDA No. 211909 and its § 505(j)(2)(A)(vii)(IV) allegations with respect to the '111, '162, '556, '048, '930, and '191 patents on or about August 9, 2018.

39. On information and belief, the FDA has not yet approved Amneal's ANDA No. 211909.

40. On information and belief, Amneal has made, and continues to make, substantial preparation in the United States to manufacture, offer to sell, sell, and/or import a generic version of Allergan's RESTASIS® product before expiration of the Patents-in-Suit.

41. On information and belief, Amneal continues to seek approval of ANDA No. 211909 from the FDA and intends to continue in the commercial manufacture, marketing, and sale of its proposed generic version of Allergan's RESTASIS® product.

42. On information and belief, following FDA approval of its ANDA No. 211909, Amneal will sell the approved generic version of Allergan's RESTASIS® product throughout the United States, including this judicial district.

**Count I**
**(Infringement of the '162 Patent Under 35 U.S.C. § 271(e)(2) by Amneal's Proposed Generic Cyclosporine Ophthalmic Emulsion, 0.05%)**

43. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

44. Amneal submitted ANDA No. 211909 to the FDA under section 505(j) of the FDCA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation of its proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product throughout the United States. By submitting this application, Amneal has committed an act of infringement of the '162 Patent under 35 U.S.C. § 271(e)(2)(A).

45. On information and belief, Amneal became aware of the '162 Patent no later than the date on which that patent was listed in the Orange Book.

46. On information and belief, Amneal knows or should know that the commercial offer for sale and sale of its proposed Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909, will constitute an act of induced infringement and will contribute to actual infringement of the '162 Patent.

47. On information and belief, Amneal knows or should know that its proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909 will be especially made for or especially adapted for an infringement of the '162 Patent, and is not a

staple article or commodity of commerce suitable for substantial non-infringing use, and that its commercial manufacture, use, offer for sale, sale, and/or importation of its proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909 will actively contribute to the actual infringement of the '162 Patent.

48. The commercial manufacture, use, offer for sale, sale, and/or importation of Amneal's proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909 in violation of Plaintiffs' patent rights will cause harm to Plaintiffs for which damages are inadequate.

**Count II**
**(Declaratory Judgment of Infringement of the '162 Patent Under 35 U.S.C. § 271(b) and (c) by Amneal's Proposed Generic Cyclosporine Ophthalmic Emulsion, 0.05%)**

49. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

50. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

51. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

52. Amneal has actual knowledge of the '162 Patent.

53. On information and belief, Amneal became aware of the '162 Patent no later than the date on which that patent was listed in the Orange Book.

54. On information and belief, Amneal has acted with full knowledge of the '162 Patent and without a reasonable basis for believing that it would not be liable for actively inducing or contributing to the infringement of the '162 Patent.

55. The commercial manufacture, use, sale, offer for sale, and/or importation of Amneal's proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909 will induce the actual infringement of the '162 Patent.

56. On information and belief, Amneal knows or should know that its commercial manufacture, use, sale, offer for sale, and/or importation of its proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909 will actively induce the actual infringement of the '162 Patent.

57. On information and belief, Amneal will encourage another's infringement of the '162 Patent by and through the commercial manufacture, use, sale, offer for sale, and/or importation of its proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909, which is covered by certain claims of the '162 Patent.

58. Amneal's acts of infringement will be done with knowledge of the '162 Patent and with the intent to encourage infringement.

59. The foregoing actions by Amneal will constitute active inducement of infringement of the '162 Patent.

60. On information and belief, Amneal knows or should know that its proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909 will be especially made or especially adapted for use in an infringement of the '162 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

61. The commercial manufacture, use, sale, offer for sale, and/or importation of Amneal's proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909 will contribute to the actual infringement of the '162 Patent.

62. On information and belief, Amneal knows or should know that its offer for sale, sale, and/or importation of its proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909 will contribute to the actual infringement of the ’162 Patent.

63. The foregoing actions by Amneal will constitute contributory infringement of the ’162 Patent.

64. On information and belief, Amneal intends to, and will, actively induce and contribute to the infringement of the ’162 Patent when ANDA No. 211909 is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

65. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Amneal’s proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909 by Amneal will induce and/or contribute to the infringement of the ’162 Patent.

66. The commercial manufacture, use, offer for sale, sale and/or importation of Amneal’s proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909, which will actively induce and/or contribute to infringement of the ’162 Patent, in violation of Plaintiffs’ patent rights, will cause harm to Plaintiffs for which damages are inadequate.

67. Unless Amneal is enjoined from actively inducing and contributing to the infringement of the ’162 Patent, Plaintiffs will suffer irreparable injury for which damages are an inadequate remedy.

68. On information and belief, despite having actual notice of the ’162 Patent, Amneal continues to willfully, wantonly, and deliberately prepare to actively induce and/or

contribute to infringement of the ’162 Patent in disregard of Plaintiffs’ rights, making this case exceptional and entitling Plaintiffs to reasonable attorneys’ fees pursuant to 35 U.S.C. § 285.

**Count III**
**(Infringement of the ’556 Patent Under 35 U.S.C. § 271(e)(2) by Amneal’s Proposed Generic Cyclosporine Ophthalmic Emulsion, 0.05%)**

69. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

70. Amneal submitted ANDA No. 211909 to the FDA under section 505(j) of the FDCA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation of its proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product throughout the United States. By submitting this application, Amneal has committed an act of infringement of the ’556 Patent under 35 U.S.C. § 271(e)(2)(A).

71. The commercial manufacture, use, offer for sale, sale, and/or importation of Amneal’s proposed Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909 will constitute an act of direct infringement of the ’556 Patent.

72. On information and belief, Amneal became aware of the ’556 Patent no later than the date on which that patent was listed in the Orange Book.

73. On information and belief, Amneal knows or should know that the commercial offer for sale and sale of its proposed Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909, will constitute an act of induced infringement and will contribute to actual infringement of the ’556 Patent.

74. On information and belief, Amneal knows or should know that its proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909 will be especially made for or especially adapted for an infringement of the ’556 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use, and that its

commercial manufacture, use, offer for sale, sale, and/or importation of its proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909 will actively contribute to the actual infringement of the ’556 Patent.

75. The commercial manufacture, use, offer for sale, sale, and/or importation of Amneal’s proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909 in violation of Plaintiffs’ patent rights will cause harm to Plaintiffs for which damages are inadequate.

**Count IV**
**(Declaratory Judgment of Infringement of the ’556 Patent Under 35 U.S.C. § 271(a) by Amneal)**

76. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

77. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

78. There is an actual case or controversy such that the Court may entertain Plaintiffs’ request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

79. The commercial manufacture, use, offer for sale, sale, and/or importation of Amneal’s proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product will constitute an act of direct infringement of one or more claims of the ’556 Patent.

80. On information and belief, Amneal will engage in the commercial manufacture, use, offer for sale, sale, and/or importation of its proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909 immediately and imminently upon approval of ANDA No. 211909.

81. The foregoing actions by Amneal will constitute infringement of the ’556 Patent.

82. Amneal will commit those acts of infringement without license or authorization.

83. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Amneal's proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909 by Amneal will infringe the '556 Patent.

84. Unless Amneal is enjoined from infringing the '556 Patent, Plaintiffs will suffer irreparable injury for which damages are an inadequate remedy.

**Count V**
**(Declaratory Judgment of Infringement of the '556 Patent Under 35 U.S.C. § 271(b) and (c) by Amneal's Proposed Generic Cyclosporine Ophthalmic Emulsion, 0.05%)**

85. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

86. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

87. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

88. Amneal has actual knowledge of the '556 Patent.

89. On information and belief, Amneal became aware of the '556 Patent no later than the date on which that patent was listed in the Orange Book.

90. On information and belief, Amneal has acted with full knowledge of the '556 Patent and without a reasonable basis for believing that it would not be liable for actively inducing or contributing to the infringement of the '556 Patent.

91. The commercial manufacture, use, sale, offer for sale, and/or importation of Amneal's proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product will induce the actual infringement of the '556 Patent.

92. On information and belief, Amneal knows or should know that its commercial manufacture, use, sale, offer for sale, and/or importation of its proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909 will actively induce the actual infringement of the '556 Patent.

93. On information and belief, Amneal will encourage another's infringement of the '556 Patent by and through the commercial manufacture, use, sale, offer for sale, and/or importation of its proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909, which is covered by certain claims of the '556 Patent.

94. Amneal's acts of infringement will be done with knowledge of the '556 Patent and with the intent to encourage infringement.

95. The foregoing actions by Amneal will constitute active inducement of infringement of the '556 Patent.

96. On information and belief, Amneal knows or should know that its proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909 will be especially made or especially adapted for use in an infringement of the '556 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

97. The commercial manufacture, use, sale, offer for sale, and/or importation of Amneal's proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909 will contribute to the actual infringement of the '556 Patent.

98. On information and belief, Amneal knows or should know that its offer for sale, sale, and/or importation of its proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909 will contribute to the actual infringement of the ’556 Patent.

99. The foregoing actions by Amneal will constitute contributory infringement of the ’556 Patent.

100. On information and belief, Amneal intends to, and will, actively induce and contribute to the infringement of the ’556 Patent when ANDA No. 211909 is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

101. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Amneal’s proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909 by Amneal will induce and/or contribute to the infringement of the ’556 Patent.

102. The commercial manufacture, use, offer for sale, sale and/or importation of Amneal’s proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909, which will actively induce and/or contribute to infringement of the ’556 Patent, in violation of Plaintiffs’ patent rights, will cause harm to Plaintiffs for which damages are inadequate.

103. Unless Amneal is enjoined from actively inducing and contributing to the infringement of the ’556 Patent, Plaintiffs will suffer irreparable injury for which damages are an inadequate remedy.

104. On information and belief, despite having actual notice of the ’556 Patent, Amneal continues to willfully, wantonly, and deliberately prepare to actively induce and/or

contribute to infringement of the ’556 Patent in disregard of Plaintiffs’ rights, making this case exceptional and entitling Plaintiffs to reasonable attorneys’ fees pursuant to 35 U.S.C. § 285.

## Jury Trial Demand

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury of all issues so triable.

## Prayer for Relief

Plaintiffs respectfully pray for the following relief:

1. A finding that the ’162 and ’556 Patents are valid and enforceable;

2. That a judgment be entered that Amneal has infringed the ’162 and ’556 Patents under 35 U.S.C. § 271(e)(2)(A) by submitting an ANDA under Section 505(j) of the FDCA;

3. That a declaration be issued under 28 U.S.C. § 2201 that if Amneal, its officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with it or acting on its behalf engage in the commercial manufacture, use, offer for sale, sale and/or importation of Amneal’s proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909, it will constitute an act of infringement of the ’556 Patent under 35 U.S.C. § 271(a), (b), and (c);

4. That a declaration be issued under 28 U.S.C. § 2201 that if Amneal, its officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with it or acting on its behalf engage in the commercial manufacture, use, offer for sale, sale and/or importation of Amneal’s proposed generic Cyclosporine Ophthalmic Emulsion, 0.05% product described in ANDA No. 211909, it will constitute an act of infringement of the ’162 Patent under 35 U.S.C. § 271(b) and (c);

5. That an order be issued under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of Amneal's ANDA shall be a date which is not earlier than the latest expiration date of the '162 and '556 Patents, including any extensions or periods of exclusivity;

6. That an injunction be issued under 35 U.S.C. § 271(e)(4)(B) permanently enjoining Amneal, its officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with it or acting on its behalf, from engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of any drug product covered by the '162 and '556 Patents;

7. If Amneal attempts to engage in the commercial manufacture, use, offer to sell, sale, or importation of its generic product disclosed in its ANDA prior to the expiration of the '162 and '556 Patents, including any extensions or periods of exclusivity, a preliminary injunction be entered enjoining such conduct;

8. If Amneal attempts to engage in the commercial manufacture, use, offer to sell, sale, or importation of its generic product disclosed in its ANDA prior to the expiration of the '162 and '556 Patents, including any extensions or periods of exclusivity, judgment awarding Plaintiffs damages resulting from such infringement under 35 U.S.C. § 271(e)(4)(C), increased to treble the amount found or assessed together with interest pursuant to 35 U.S.C. § 284;

9. An accounting for any infringing sales not presented at trial and an award by the Court of any additional damages for any such infringing sales;

10. A finding that this action for infringement is an exceptional case under 35 U.S.C. § 285, and that Plaintiffs be awarded reasonable attorneys' fees and costs; and

11. An award of any such other and further relief as the Court may deem just and proper.

FISH & RICHARDSON P.C.

By: */s/ Susan E. Morrison*

Susan E. Morrison (#4690)
Kelly Allenspach Del Dotto (#5969)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899
(302) 652-5070
morrison@fr.com; kad@fr.com

Jonathan E. Singer
12390 El Camino Real
San Diego, CA 92130
(858) 678-5070
singer@fr.com

*Attorneys for Allergan, Inc.*

DRINKER BIDDLE & REATH LLP

By: */s/ Francis DiGiovanni*

Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@dbr.com
thatcher.rahmeier@dbr.com

*Attorneys for Saint Regis Mohawk Tribe*